IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

08 SEP -4 AM 11: 05

| | |
|---|---|
| Cecelia Peffer<br>6068 Glenbarr Place<br>Dublin, Ohio 43017 | |
| Plaintiff | Case no. **C2 08 838**<br>Judge **JUDGE SARGUS** |
| v. | Magistrate **MAGISTRATE JUDGE KING** |
| OhioHealth Corporation<br>180 East Broad St., 34th floor<br>Columbus, Ohio 43215 | **COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |
| Defendant | |

Now comes Plaintiff Cecelia Peffer (hereinafter referred to as "Plaintiff"), by and through counsel, and for her Complaint against Defendant OhioHealth Corporation (hereinafter referred to as "Defendant"), states the following:

### Nature of the Action

1. This action seeks a remedy for Defendant's failure to provide reasonable accommodations to Plaintiff to allow her to perform the essential functions of her position as an employee of Defendant as well as her subsequent termination, both of which constitute violations of Title I of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Ohio Revised Code § 4112.

2. Plaintiff was damaged as a result of Defendant's discriminatory acts and omissions and seeks appropriate relief, including reinstatement to her former position and compensatory damages.

### Parties

3. Plaintiff is a resident of the city of Dublin, located in Franklin County, Ohio.

4. Defendant is duly incorporated under the laws of the state of Ohio and maintains its corporate offices in Columbus, Ohio.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this district under 28 U.S.C. § 1391 because all parties reside in this district and the acts and omissions giving rise to this Complaint occurred in this district.

## Factual Allegations

7. Plaintiff had been employed by Defendant at Riverside Methodist Hospital in Columbus, Ohio since April 1996, most recently in the position of certified pharmacy technician.

8. During her employment as a certified pharmacy technician, her duties generally included delivering medication to various areas of the hospital by means of a delivery cart and identifying medication which had passed its expiration date. She was required to work 32 hours a week, 4 days a week, which Defendant categorized as full-time, and her scheduled varied from week to week.

9. On or about August 2006, Plaintiff was diagnosed with degenerative disk disease, a medical condition which substantially limits her in several major life activities, including, but not limited to, lifting, performing manual tasks, and caring for herself.

10. Plaintiff's medical condition necessitated various treatment, which compelled her to take significant time off, all either pursuant to her rights under company policy or under the Family and Medical Leave Act.

11. On or about October 2007, Plaintiff returned to her full-time position as a certified pharmacy technician after her most recent surgery. At this time, she presented to Defendant her doctor's recommendations that she not be required to lift more than 15 lbs., that the delivery cart be modified to achieve great mobility, that the shelves be lowered to reduce unnecessary and painful physical

exertion, and that she be permitted to work no more than two consecutive days a week. Shortly thereafter, Plaintiff formally requested these accommodations pursuant to Defendant's policies.

12. A scheduling coordinator employed by Defendant almost immediately agreed not to schedule Plaintiff more than two consecutive days a week. As a compromise, Plaintiff agreed to reduce her schedule to three days a week and also to work one weekend a month.

13. On or about November 2007, Plaintiff learned that her employment status had been changed from regular employee to transitional employee and that none of the accommodations she requested would be granted. The modified work schedule to which she and the scheduling coordinator had agreed was also rescinded. After this transition period, she was transferred to short-term disability in December 2007.

14. Because Plaintiff allegedly could not perform the essential functions of her position without accommodations, Defendant notified her by letter dated February 29, 2008 that she was terminated, effective March 14, 2008.

15. Plaintiff thereafter filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and subsequently requested and received a right-to-sue letter, which was mailed to her on June 13, 2008.

### First Cause of Action

16. Plaintiff incorporates paragraphs 1 through 15 as if fully rewritten herein.

17. Plaintiff has a physical impairment that substantially limits several major life activities and is therefore a person with a disability as defined by Title I of the ADA and its implementing regulations. 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(g).

18. Plaintiff is a qualified employee with a disability protected by Title I of the ADA and its implementing regulations because she could perform the essential functions of the position of

certified pharmacy technician with or without reasonable accommodations and because she satisfies the requisite skill, experience, education, and other job-related requirements of the position. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

19. Defendant is an entity covered by Title I of the ADA because it is engaged in an industry affecting commerce that employs at least 15 or more persons for each working day in at least 20 calendar weeks per year. 42 U.S.C. § 12111(5)(A); 29 C.F.R. § 1630.2(e).

20. By refusing Plaintiff's requests for accommodations to allow her to perform the essential functions of her position, and by subjecting her to various adverse employment actions (including her eventual termination) because of her need for such accommodations, Defendant discriminated against Plaintiff on the basis of her disability, thereby violating her rights under Title I of the ADA.

21. As a direct and proximate result of the unlawful discrimination of Defendant, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation and mental anguish.

## Second Cause of Action

22. Plaintiff incorporates paragraphs 1 through 21 as if fully rewritten herein.

23. Upon information and belief, Defendant is a recipient of federal funds under Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794(b)(3).

24. Plaintiff is a person with a disability as defined by Section 504 of the Rehabilitation Act of 1973 and its implementing regulations because she has a physical impairment which substantially limits several major life activities. 45 C.F.R. § 84.3(j).

25. Plaintiff is otherwise qualified for the position of certified pharmacy technician because she can perform the essential functions of such position with reasonable accommodations. 45 C.F.R. § 84.3(l).

26. By refusing Plaintiff's requests for accommodations to allow her to perform the essential functions of her position, and by subjecting her to various adverse employment actions (including her eventual termination) because of her need for such accommodations, Defendant discriminated against Plaintiff on the basis of her disability, thus violating her rights under Section 504 of the Rehabilitation Act of 1973 and its implementing regulations.

27. As a direct and proximate result of the unlawful discrimination of Defendant, Plaintiff has suffered lost wages, emotional distress, humiliation, and mental anguish.

### Third Cause of Action

28. Plaintiff incorporates paragraphs 1 through 27 as if fully rewritten herein.

29. Plaintiff is a person with a disability as defined by Ohio Revised Code § 4112.01(A)(13) because she has a physical impairment that substantially limits several major life activities.

30. Plaintiff is a qualified person with a disability because she could safely and substantially perform the essential functions of her position with or without reasonable accommodations.

31. Defendant employs four or more persons within the state of Ohio and is therefore an employer within the meaning of Ohio Revised Code § 4112.01(A)(2).

32. By refusing Plaintiff's requests for accommodations to allow her to perform the essential functions of her position, and by subjecting her to various adverse employment actions (including her eventual termination) because of her need for such accommodations, Defendant discriminated against Plaintiff on the basis of her disability, thus violating her rights under Ohio Revised Code 4112.

33. As a direct and proximate result of the unlawful discrimination of Defendant, Plaintiff has suffered lost wages, emotional distress, humiliation, and mental anguish.

## **Prayer for Relief**

Wherefore, Plaintiff Cecelia Peffer respectfully prays for judgment in her favor and against Defendant and the following relief:

1. Injunctive relief, including reinstatement to her former position as a certified pharmacy technician with the accommodations she previously requested as well as back pay and front pay (with prejudgment interest).

2. Compensatory damages, including compensation for Plaintiff's past and future pain, emotional distress, humiliation, and mental anguish caused by Defendant's unlawful discriminatory conduct, in an amount to be proven at trial.

3. Plaintiff's attorneys' fees and costs.

4. Such other relief as is just and equitable.

## **Jury Trial Demand**

Plaintiff Cecelia Peffer requests a trial by jury on all questions of fact raised by her Complaint.

Respectfully submitted,

*Kevin Truitt*

Kevin J. Truitt, Esq. (0078092)
ktruitt@olrs.state.oh.us
Ohio Legal Rights Service
50 W. Broad St. Suite 1400
Columbus, Ohio 43215
(614) 466-7264
(614) 644-1888 - fax
Attorney for Plaintiff Cecelia Peffer